## Case No. 9,332.

### MAY et al. v. CHAFFEE et al.

[2 Dill. 385; 5 Fish. Pat. Cas. 160; 4 Chi. Leg. News, 9.] [1]

Circuit Court, D. Minnesota. Oct. 1871.

PATENTS — ASSIGNMENT BY ONE JOINT OWNER — GRANT BY PATENTEE — PURCHASER FROM GRANTEE—EVIDENCE — PAROL — TO EXPLAIN PATENT GRANT.

1. One joint owner of a patent for an invention may sell and assign his own share or right in the patent.

[Cited in Washburn & M. Manuf'g Co. v. Chicago Galvanized Wire Fence Co., 109 Ill. 74.]

2. A grant by a patentee of "the sole and exclusive right to manufacture and sell machines of the patented invention" in a specified city, gives by implication to a purchaser from such manufacturer. the right to use the machine until it is worn out, wherever he pleases.

[Cited in Webster v. Ellsworth, 36 Fed. 328.]

3. To what extent and for what purposes parol testimony is admissible in the construction of a grant by a patentee, considered by Nelson J.

[2] [Final hearing upon pleadings and proofs. Suit brought upon letters patent [No. 33,-370] for an "improvement in stave machines." granted to William Sisson, September 24, 1861.

[Two defenses were set up in the answer of the defendants [Henry Chaffee and others]: (1) That Sisson was not the first and original inventor. (2) That Fuller & Ford, of the city of Chicago and state of Illinois, obtained a license from the owners of the patent to manufacture and sell in the city of Chicago. but not elsewhere, the patented machines, and a sale by them to the defendants at Chicago, of a machine which they were using in Rice county. The first defense was abandoned, and the defendants relied upon the license of Fuller & Ford for their authority to use the machine.

[A statement of the facts, as they appear

from the pleadings and testimony, is as follows:

[Complainants' title: William Sisson, of Fulton, New York, obtained, on September 24, 1861, letters patent for a new and useful improvement in stave machines, for the term of seventeen years, giving him the exclusive right and liberty of making, constructing, using. and vending to others to be used, the said improvement. Sisson, on December 12, 1861, conveyed by deed an undivided half of the said letters patent and invention to Clinton H. Sage, of Fulton, New York, reserving certain interests and rights relating to certain places in the state of New York, and not elsewhere, to be held and enjoyed for the full residue of said term for which letters patent were granted. A power of attorney from Sisson & Sage was executed on June 22. 1865, to G. W. Clason, of Milwaukee, to sell rights to use the patented machines in the state of Wisconsin. A sale by G. W. Clason, as attorney of Sisson & Sage, to the complainants [Charles May and others], of the exclusive right to use, and to sell to others to use, the invention in certain counties in the state of Minnesota, including the county of Rice. A ratification and confirmation in writing of this sale by Sisson & Sage. dated July 7, 1868.

[Defendants' title: Sisson & Sage, by deed of assignment, properly executed, on March 15, 1862, sold to A. A. Jones, of Fulton, New York, the exclusive right, under the patent, for certain counties in the state of Michigan; and, on August 17, 1864, A. A. Jones joins Sisson & Sage in appointing, by a proper instrument in writing, F. E. Jones, of Chicago, Illinois, attorney and agent to use, and sell, and dispose of the right to "use and sell," the patented improvement, and also the right "to sell any territory which has not heretofore been disposed of, in any place or places whatever, and also the right to use the said invention, as to said F. E. Jones shall seem expedient, giving and granting unto said attorney full power and authority to do and perform all and every act and thing requisite and necessary to be done in and about the premises." etc. By virtue of the authority conferred by this instrument, F. E. Jones, as attorney for Sisson & Sage, granted the sole and exclusive right to Willard M. Fuller and David M. Ford to manufacture and sell the patent stave machines in Chicago, Illinois, and the machine now in use in Faribault. Rice county. Minnesota, was purchased of Fuller & Ford, in the city of Chicago.][2]

Brisbin & Palmer, for complainants.
Gordon E. Cole, for defendants.

Before DILLON, Circuit Judge, and NELSON, District Judge.

NELSON, District Judge. The whole controversy turns upon the construction and ex-

---

[1] [Reported by Hon. John F. Dillon. Circuit Judge, and by Samuel S. Fisher, Esq.. and here compiled and reprinted by permission. The syllabus and opinion are from 2 Dill. 385, and the statement is from 5 Fish. Pat. Cas. 160.]

[2] [From 5 Fish. Pat. Cas. 160.]

tent of the grant to Fuller & Ford, executed by Jones, as attorney of Sisson & Sage. Before considering this instrument with reference to its language, and the rights conferred by it, we will notice an objection made by the complainants' counsel to the power of attorney to F. E. Jones, to wit: that A. A. Jones, who, it is alleged, was an assignee of a portion of the patent and invention, did not execute the grant to Fuller & Ford. It is claimed that A. A. Jones having signed the instrument, in connection with Sisson & Sage, creating F. E. Jones attorney of all the parties, for certain purposes therein expressed, F. E. Jones could not execute an instrument conferring any rights under that power with reference to the patent, without signing the name of A. A. Jones to it. In other words, Fuller & Ford's license can not properly be received in evidence, because it is not executed pursuant to the power of attorney to F. E. Jones, in that it is only the act of Sisson & Sage, not of the three persons executing the power. Upon what principle this objection is urged does not appear, except as stated in the objection. The power of attorney recites the separate interest in the patent of the parties who executed it, and conferred upon F. E. Jones the authority to act for each of them, jointly or severally. In my opinion, then, a sufficient answer to this objection is, that A. A. Jones is, at the most, a grantee of an exclusive sectional interest, and one or two joint owners can legally grant, assign, license, or sell their own share or right in the patent. Pitts v. Hall [Case No. 11,-193]. The power of attorney signed by Jones, Sisson & Sage gave F. E. Jones full power and authority to control any disposition of territorial rights under the patent, and to use the invention as to him might seem expedient. He had the authority from all the parties in interest, and inasmuch as A. A. Jones had no interest in the patent outside of the state of Michigan, he could grant nothing to Fuller & Ford, and it was not necessary for him to execute the assignment to them.

This grant to Fuller & Ford is in the following words: "* * * Now, this indenture witnesseth that for a valuable consideration, viz., five hundred (500) dollars, to us in hand paid, the receipt of which is hereby acknowledged, we, William Sisson and Clinton H. Sage, aforesaid, have assigned, sold, and set over, and by these presents do assign, sell, and set over unto the said Willard M. Fuller and David M. Ford, the sole and exclusive right to manufacture and sell machines of the said invention as secured to us by the said letters patent and assignment, in the city of Chicago, county of Cook, state of Illinois, and in no other place, or places, the same to be held and enjoyed by the said Willard M. Fuller and David M. Ford, for their own use and behoof, and their legal representatives, to the full end

of the term for which such letters patent have been granted, as fully and entirely as the same would have been held and enjoyed by us had this assignment and sale not been made."

Now the patentee, before the execution of this grant, would, without doubt, by the unrestricted sale of a single machine in Chicago, confer by implication upon the purchaser the right to use it until worn out, wherever he pleased. Chaffee v. Belting Co., 22 How. [63 U. S.] 217. The sale would have transferred the machine outside of the limits of the monopoly. The right to any exclusive privilege under the patent to the machine thus sold would have been gone, and the purchaser, by the tradition of the vendor, would obtain the absolute ownership of it, and it would become his private property.

The complainants insist that this may be true, so far as the patentee is concerned, but no such power is given Fuller & Ford by the assignment, and no legal authority to use the monopoly could be conferred upon a purchaser from them, at least to use outside the city of Chicago. The language of the grant to them, it seems to us, clearly gives such authority. The contract entered into by Jones, the attorney, and Fuller & Ford, operated as an assignment of an exclusive right, secured by the letters patent, to manufacture and sell, limiting them, so far as the monopoly was concerned, to the city of Chicago. The assignment was absolute, so far as the specified locality, of the exclusive right to manufacture and sell. No restriction of those rights was intended. On the contrary, Fuller & Ford and their representatives were to hold and enjoy them, "as fully and entirely as the same would have been held and enjoyed by Sisson & Sage had this assignment not been made." It seems to us that language could not have been used which would more certainly have given the authority.

Although the subject matter of this contract between Sisson & Sage and Fuller & Ford was a patent, the rule of construction of contracts generally is not thereby altered. An owner of a patent can make an assignment in regard to it the same as he may make in regard to any other species of personal property. Says the court, in Morse v. O'Reilly [Case No. 9,858]: "While the exclusive rights of a patentee are specially guarded from intrusion, the contracts which he makes to share them with third parties are interpreted and enforced in the same manner as other legal engagements."

Applying the usual rules of interpretation to this contract, there can be no doubt about the rights of Fuller & Ford under the patent. They not only had the right to establish a manufactory of machines in Chicago, but they had the exclusive right to sell machines to any and every one who might choose to purchase the same, the

vendee taking all of the rights appertaining to their title as vendors.

If there were any doubts about this view or construction of the instrument, the condition in which we find it dispels them. The original grant to Fuller & Ford is full of interlineations and erasures, and in order to arrive at the true intent of the parties to this grant, these acts of the parties are to be considered. "Words struck out of an instrument, may be looked at to ascertain the intention of the parties to it." 3 Metc. [Mass.] 93; 3 Walton, 689.

Parol testimony to show all of the circumstances is also admissible when the language may be susceptible of more than one meaning, such as their knowledge of the subject matter of the contract, and all other facts that would throw light upon the intention of the parties. Phelps v. Clasen [Case No. 11,074].

In the testimony of Jones and Ford we find that the right to use the machine in Chicago was of no particular value. Jones had to abandon the only machines that were in use then, because they did not pay. Fuller & Ford had already manufactured machines for Jones; and persons outside, from other states, were applying to them for machines. In the light of these circumstances, it could not have been the intention of the parties to confer only the exclusive right to manufacture machines, and to sell them for use in Chicago, which all parties agree was of no value. Now, there being no restriction in the grant upon the rights thereby conferred, it must be construed in its terms favorable to the grantee and against the grantor. The grant carried with it by implication everything necessary and incident to its due enjoyment, and the defendants, when they purchased the machine from Fuller & Ford had the right to use it without reference to locality, except so far as F. E. Jones was restricted in authority under the power of attorney to him. In arriving at this conclusion, we have sustained the complainants' counsel in all of their objections, except to the admissibility of the record evidence, and overruled the defendants' counsel in his objections to testimony. A decree will be entered dismissing the bill.

[For another case involving this patent, see Sisson v. Gilbert, Case No. 12,912.]