## Case No. 4,151.

DUNHAM v. INDIANAPOLIS & ST. L. R. CO.

[7 Biss. 223;[1] 2 Ban. & A. 327; 9 Chi. Leg. News, 50.]

Circuit Court, N. D. Illinois. June, 1876.

Banning & Banning, for plaintiff.
Baldwin & Hanna, for defendant.

DRUMMOND, Circuit Judge. The facts in this case are, that three persons were patentees for an improvement in car-brake shoes, and that the plaintiff, being one of them, made a contract with the defendant for a license to use the invention described in the patent; the price to be paid for the license was a thousand dollars. The plaintiff executed and offered to deliver to the defendant the license signed by himself, but not by the two other patentees, and the defendant refused to comply with the terms of the contract and pay the money, because the license was not signed by all of the patentees. The patentees did not own the right in equal shares; one of them owned a half, and the other two a quarter each, the plaintiff only owning a quarter; and the question in the case is, whether this constitutes a good defense to a suit brought upon the contract made between the plaintiff and the defendant; and I am of opinion that it does not. The material point is, who is to answer, if any one, to the other patentees for the use of the part which does not belong to them when a joint owner uses the improvement, or makes a contract with another person for its use. What is the position of patentees with refer-

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

ence to their right to use the thing patented? The patentees are tenants in common of the right. One of them has no superiority of right over the other. One of them can manufacture and use the article patented without the consent of the others; that is, each has the same right, although one may own a greater share of the thing patented than the other. The grant was, in this case, to the three to use and vend the improved car-brake shoes, and while it is clear that one of the patentees can not grant what does not belong to him, and if he gives a license or makes a contract for the use of the thing patented, he can only grant that which he has himself, and not the rights of the other patentees, still he can clothe his grantee or his licensee with the same right that he has himself, namely, the right to sell or use the thing patented. And it seems to me the better rule is to hold, if there is a liability at all, that where a party owning less than the whole of a thing patented, makes a grant or a license, he shall be answerable to the others, rather than that the other patentees shall look to the grantee or licensee.

There were three cases particularly referred to on the argument. One was the case of Pitts v. Hall [Case No. 11,193], decided by Judge Hall, of the northern district of New York. He seems to hold that if one joint owner of a patent uses or sells his right without the authority of his co-owner, he is liable to an action by such co-owner for an infringement of the patent; and the conclusion, perhaps, to be drawn from his decision is, that if the party to whom he sells uses the thing patented, an action could be maintained and an injunction issued against the grantee or licensee of the co-owner.

Judge Curtis, in the case of Clum v. Brewer [Id. 2,909], seems to hold, and I think that is the true rule upon the subject, that where one of the joint patentees uses or sells the thing patented, or any portion of it, the others can not sue him as for an infringement of the patent.

The most that can be claimed is, that if one uses or sells it to the detriment of the others, he may be held responsible. For example, if he obtains more than his share of the profits from the use of the article, or in issuing licenses he obtains more than his share of the license money, he possibly may be held responsible by the other joint patentees; but Judge Curtis, in that case, held that an injunction should not issue against the use, by one of the joint patentees, of the thing patented, and the principle decided by him is, that one tenant in common of letters patent has the same rights as the others to make, use and sell the thing patented, and a licensee under one tenant in common cannot be enjoined on a bill by another tenant in common.

A case has been decided in England bearing on this question, Mathers v. Green, 1 Ch. App. 29, and the opinion is given by Lord Chancellor Cranworth. That was a case of letters patent granted to three individuals. The chancellor says:

"The right conferred is a right to exclude all the world, other than the grantees, from using the invention. But there is no exclusion in the letters patent of any one of the patentees. The inability of any one of the patentees to use the invention, if any such inability exists, must be sought elsewhere than in the letters patent. But there is no principle, in the absence of contract, which can prevent any persons not prohibited by statute, from using any invention whatever. Is there any implied contract where two or more persons jointly obtain letters patent, that no one of them shall use the invention without the consent of the others, or, if he does, that he shall use it for their joint benefit? I can discover no principle for such a doctrine. It would enable one of two patentees either to prevent the use of the invention altogether, or else to compel the other patentee to risk his skill and capital in the use of the invention on the terms of being accountable for half the profit, if profit should be made, without being able to call on his co-patentee for contribution if there should be loss."

Now while this is the principle announced by the chancellor, it perhaps should be with this qualification: that if one of the patentees obtains more than his share of the profits, he might be held liable under certain circumstances to the others. Certainly I do not wish to be understood as affirming that there is never such liability. Of course we must take into consideration any risk which he may run; any outlay of money which he may make in the manufacture or sale of the article; but if, looking at it upon equitable principles, he has obtained more than his share of the profits arising from the thing patented, either in the use or sale of it, or of licenses, it seems to me he might in certain cases be held accountable to the other joint patentees. But it is not necessary in this case to decide that point. My conclusion therefore is, that the fact that one of the patentees has given a license to the defendant to use the thing patented, clothes him with the right to use it, and having that right, he is liable under his contract for the payment of the one thousand dollars which he agreed to pay for the license.

Judgment will accordingly be entered for the plaintiff.