LILLIE E. GOMM, DEFENDANT IN ERROR, v. NAPOLEON GOMM, PLAINTIFF IN ERROR.

Submitted July 8, 1907—Decided March 2, 1907.

1. In an action by a mother against her son for board alleged to have been furnished under an express contract, evidence that defendant had paid a bill of coal for the house in which he and his mother lived was admissible, as tending to show that the mother was not furnishing board and lodging to the defendant under an express contract, but that the defendant was the head of the household, and not the mother.

2. In an action by a mother against her son for board alleged to have been furnished under an express contract, evidence as to the value of the use and occupation of the house alleged to be owned by the defendant, and where the mother resided, was admissible in connection with a deed showing that the defendant was the owner of the house, as tending to show the improbability that the mother and son were living together under an express contract by the son to pay her board.

3. Wherever compensation is claimed in a case by either parent or child against the other for services rendered or the like, the question whether the claim should be allowed must be determined from the particular circumstances of the case.

4. In an action by a mother against a son for board alleged to have been furnished under an express contract, the son was not precluded from asserting a claim in set-off for the value of the use and occupation by the mother of a house belonging to him and for supplies furnished by him for the house, by the fact that he had testified that there was no contract for board, since, if the jury refused to believe his theory, he was entitled to go to them on the other theory, that if there was an express contract between himself as to board, such fact would preclude any presumption that their services to each other were gratuitously performed, and entitle him to compensation for the use and occupation of the house and for the supplies furnished.

On error to the Supreme Court.

This case was tried at the Bergen Circuit, before Honorable B. C. Vail, Circuit judge, and a jury, and a verdict rendered for the plaintiff.

For the plaintiff in error, *Adolf L. Engelke.*

For the defendant in error, *Clifford L. Newman.*

The opinion of the court was delivered by

VROOM, J. This suit was brought by the plaintiff, who is the mother of the defendant, Napoleon Gomm, for the recovery of board and lodging alleged by her to be due from him under a contract, and also for board and lodging furnished to one Arthur Suclow, an employe of the defendant, at his request.

The declaration was upon the common counts, and the bill of particulars, as amended at the trial, charged back board and lodging of defendant from July 1st, 1898, to January 1st, 1905, three hundred and thirty-eight weeks, at $4 per week, amounting to $1,352, and board and lodging of Arthur Suclow from July 1st, 1902, to January 1st, 1903, twenty-six weeks, at $4 per week, amounting to $104. Also, for board and lodging of defendant from January 1st, 1905, to January 1st, 1906, fifty-two weeks, at $5 per week, amounting to $260.

The total credits allowed by plaintiff were $1,114.50. This left a claim of balance due of $601.50, with interest from January 1st, 1906.

The defendant interposed a plea of the general issue, the statute of limitations and set-off, the latter for rent due to the defendant for a certain house and lot of the defendant, situate in Englewood, and used and occupied by the plaintiff from August 1st, 1902, to December 1st, 1905, at the monthly rental of $25.

The case of the plaintiff, so far as the proving of the alleged contract with the defendant is concerned, rested entirely upon the testimony of the plaintiff herself. She said that the plaintiff became of age January 21st, 1898; that he had always lived with her, and that after he became of age she had several conversations with him relative to his board; that he said he would pay her $4 a week, and that in a subsequent conversation in 1905 the defendant said he would pay $5 a week. Plaintiff also testified that the defendant brought one Arthur Suclow to board with her, and said he would pay her $5 a week for his board; that although the alleged contract

was made in 1898, defendant did not make any payment on account of board until 1902.

There was a verdict for the plaintiff for the sum of $575.97.

Numerous exceptions to the ruling of the trial court were taken by the defendant and sealed, and those which have been principally relied on in support of this writ of error relate to the rejection of evidence which would have tended to show that there was no contract in fact ever made between the plaintiff and the defendant for the furnishing of board and lodging, and also to the rejection of evidence which would have tended to show the improbability that the plaintiff and defendant were living together under the express contract testified to by the plaintiff.

It will not be necessary to consider all of the exceptions taken in detail, but only those which are considered determinative of the case.

In his testimony the defendant had said that he had purchased and paid for some of the coal for the house, and upon the offer of a coal bill of George H. Payson for $27 it was objected to by the plaintiff and ruled out by the trial judge. The purpose of the offer was to show that the defendant was the head of the house, and as such naturally would not pay board to his mother. The court, in ruling out the testimony, said that if the defendant agreed to pay his mother $4 a week he might have paid bills in the house, and he could not offset that as against his agreement to pay board. This ruling was, I think, erroneous. The defendant had denied the making of any contract, and it excluded from the consideration of the jury an important fact, which at least would tend to show that the plaintiff was not furnishing board and lodging to the defendant under an express contract, by reason of the fact that it would appear that the defendant was at the head of the household, and not the mother.

Again, the trial judge excluded the offer of the defendant to prove the value of the use and occupation of the house on Englewood avenue, alleged to be owned by the defendant, and wherein the plaintiff resided forty months, the exclusion being upon the ground that, in the absence of an express con-

tract, the son could not recover from the mother for the use and occupation of the house. While no exception was here taken to this ruling, it is important to consider it in connection with the next offer made by the defendant. An offer was made of a deed from one Lottie L. Tipper and husband to Napoleon Gomm for the house referred to, for the purpose of showing that the defendant was the owner of the house. This was overruled and exception taken. And again, an offer was made to prove the value of the use and occupation of the premises on Englewood avenue owned by the defendant, and in which the plaintiff resided. This also was refused.

It seems to me that this evidence was clearly admissible as tending to show the improbability that these parties were living together under the contract testified to by the plaintiff. It must be kept in mind that the plaintiff testified that the contract with her son was made in 1898, and it is an admitted fact that no payments are alleged to have been made under it or at all by the defendant until 1902, in which year he became the owner of the house. The evidence overruled should have been submitted to the jury, and its exclusion was error.

Wherever compensation is claimed in any case by either parent or child against the other for services rendered or the like, the question whether the claim should be allowed must be determined from the particular circumstances of the case. 21 *Am. & Eng. Encycl. L.* (*2d ed.*) 1061.

The evidence offered was relevant, and directly touched upon the issue made by the parties in the pleadings, and, as urged, came within the test of relevancy as constituting "a group of facts and circumstances in whole or in part negativing the fact of the existence of the contract." *Marsh* v. *Machine Company,* 28 *Vroom* 36, 41.

The evidence excluded by the trial judge was also admissible as tending to support the plea of set-off interposed by the defendant. The contention of the defendant in error is that it has been settled in this state, as between members of a family, services are presumed to have been rendered gratuitously unless shown to the contrary by express contract, relying upon *Disbrow* v. *Durand,* 25 *Vroom* 343. It was held in

this court, in the cited case, in the words of Chancellor McGill, that "where services are rendered by members of a family living at one household to each other, there will be no implication of a promise to pay, the household family relationship is presumed to abound in reciprocal acts of kindness and good will which tend to the eventual comfort and convenience of the members of the family and are gratuitously performed." This presumption in this case is, however, destroyed by the very fact that the mother in her testimony showed that this was not the situation of the parties. They were dealing with each other under a business relation. As a fact, the defendant denied there was any express contract on his part with the plaintiff to pay for board and lodging. He could not rely upon the jury accepting his testimony in this respect, and they did not, but he was entitled to go to the jury upon the other theory, that if there was an express contract between himself and his mother, this fact would preclude any presumption that their services to each other were gratuitously performed, and therefore, under his plea of set-off, he is entitled, should his evidence be believed, to credit upon his board bill for supplies furnished by him for the house, and is further entitled to credit for the use and occupation of the house itself.

The judgment below should be reversed.

*For affirmance*—None.

*For reversal*—PITNEY, CHANCELLOR, THE CHIEF JUSTICE, GARRISON, SWAYZE, REED, TRENCHARD, BOGERT, VREDENBURGH, VROOM, GREEN, GRAY, DILL, J.J.  12.