# Rheem *versus* Holliday.

An improvement of a machine for which a patent may be obtained may consist of the introduction of a new element into an old machine which produces a new and useful result or greater facility in the application of power; and though it appear from the description or specification of the claimant for a patent for an improvement, that part of the elements included in the description or specification were not *new*, but which he claimed to be newly combined with new elements, the patent is not therefore void.

ERROR to the Common Pleas of *Cumberland county*.

This was a suit by Jacob Rheem *vs*. Samuel Holliday, to recover the amount of a note dated 16th March 1847, given by Samuel Holliday to Michael McMath or bearer, for $200, and endorsed by McMath to Jacob Rheem. Defendant gave evidence that the note was negotiated after its maturity, and that the consideration for said note was the sale of the patent-right of Howd's improved water-wheel, for the county of Mifflin, Pennsylvania. The defence relied upon was, that the aforesaid patent-right was not a new and original invention; that the patent-right was void, and consequently that no consideration had been received for the note.

· Evidence was given on the one side for the purpose of showing that Howd's patent was not a new and original improvement. Witnesses were examined, and models exhibited to the jury, for the purpose of sustaining the allegations of the defendant. On the other hand, plaintiff exhibited a model of his patent, and examined witnesses to establish the fact that his patent was a new and original improvement.

The errors complained of were in the answers of the court to points put by defendant's counsel, and in the general charge to the jury.

Defendant's counsel, among others, put the following points, to wit:—

3d. If the jury believe that machinery, such as the spouts or schutes for giving the water a direction with the motion of the wheel, the cylindrical gate, or any other part of the machinery of the Howd patent water-wheel, described and set out in the specification of said patent as a substantial and material part thereof, was not new and original with Howd, having been used before the date of his patent by others in this country, or having been described in some printed publication prior to the date of his patent, then the patent is void, and the plaintiff cannot recover.

4th. If the jury believe that machinery for giving the water a direction with the motion of the wheel, similar to that in Howd's wheel, was used before the date of Howd's patent for giving the water a direction with the motion of wheels, differing from Howd's, and that reaction-wheels such as Howd's were in use before the date of his patent, and that Howd's invention consisted only in applying such previous known machinery to such previous known wheels, then Howd, as he has not claimed for such combination, takes nothing by his patent, and the plaintiff cannot recover.

Both of these points were answered by the court in the affirmative.

The court, also, in their general charge to the jury, instructed them as follows, to wit:—"It is a principle of this branch of the law, that if the applicant for a patent claims several elements or parts combined, as being original with him, and forming or producing a certain mechanical result, and if it appears in evidence that one or more of these parts is not original, it avoids the patent issued upon such specification of claim. It is the duty of the applicant so to specify what he does claim, as to avoid the appearance of claiming what does not belong to him or his inventive genius. If then the specification by Samuel B. Howd includes that which is not new, the plaintiff is not entitled to recover in this action."

Howd claimed, as his *invention*, the application of the water upon the outside of the wheel, and operating upon the principle of reaction, by discharging inwardly on a wheel constructed and combined so as to operate as above described, with the spouts or schutes giving the water a direction with the motion of the wheel, applied to a reacting wheel as aforesaid. A specification preceded the claim, which terminated as follows:—My said improvement being above described as applied to a horizontal wheel, I hereby declare that the same is not intended to be limited to that position of the wheel, but is applicable to vertical and inclined wheels.

Letters-patent issued to Howd on 26th July 1838, which set forth that he alleged that he has invented a new and useful improved water-wheel, which he states has not been known or used before his application; and, therefore, there is granted to him, for

[Rheem *v.* Holliday.]

the term of fourteen years, the full and exclusive right and liberty of making, constructing, using, and vending to others to be used, the said improvement, a description whereof is given in the words of the said Samuel B. Howd, in the schedule hereunto annexed, and is made a part of these presents.

The case was argued by *Todd* and *Graham,* for plaintiff in error.—It is not necessary that *any part of the machinery* should be new or original with the patentee, to constitute a valid patent. Every part of the machinery may have been known and used for ages, if there is a new combination by which a new result is produced. Nor is it necessary, where there are certain elements or parts combined, forming and producing a certain mechanical result, that all parts thus combined should be original, to constitute a valid patent. Again, although the specifications may include that which is not new, if any of the parts are new, or there is a new combination of old parts, the patent is valid.

In the language of Judge KANE, "combination is patentable if it effect a new result, or an old result by a new mode of action. There must be novelty either of product or process." Yet the court, in answer to defendant's third point, instruct the jury that if the cylindrical gate or *any other part of the machinery* of the Howd patent was not new and original with Howd, the patent is void. If this is the law, there will be an end to patenting improvements upon prior patents, and Howd's patent is only for an *improvement* on water-wheels. He does not even claim the cylindrical gate as his invention; but if any juror ever saw or heard of such gate used in connection with a water-wheel, under the charge of the court, he was bound to find a verdict for defendant.

The law applicable to the case will be found clearly stated in the following references, in connection with an abstract of the principles decided.

A machine or improvement may be new and the proper subject of a patent, although the parts of it were before known and in use. Therefore, the combination of old machines to produce a new and useful result is a discovery for which a patent may be granted: Evans *v.* Hetrick, 3 *W. C. C. Rep.* 408.

Although an implement may have been long in use, yet an invention of a mode of making it in a different manner, which produces a new and useful result by a new combination of old materials, entitles the inventor to a patent for the new implement, and not alone for an improvement of an old one: Geiger *v.* Cook, 3 *W. & Ser.* 266.

In that case the court say, "Though Sharp was not the inventor of the forge-hammer arm, but it had been long before in use, yet if his invention is of a mode of making that arm in a different manner from any ever before made, and it thereby produces a new

2 E

[Rheem *v.* Holliday.]

and useful result by a new combination of old materials, then he could not well claim in a better manner than as a new arm. When there is an addition to an old machine or a mere alteration of some of its subordinate parts, the claim may be *for an improvement only*, but where the whole mode of forming a thing and its effects are new, it may be claimed *as new*."

Combination is patentable if it effect a new result, or an old result by a new mode of action. There must be novelty of product or process : Batten *v.* Clayton, December 1848, KANE, J., 2 *Wharton's Dig.* ed. 1850, title *Patent*, pl. 21.

If old materials and old principles be used in a state of combination to produce a new result, the inventor may obtain a valid patent for such result : Pennock *v.* Dialogue, 4 *W. C. C. Rep.* 538 ; Barrett *v.* Hall, 1 *Mason* 437 ; Earle *v.* Sawyer, 4 *Mason* 1.

"If the patentee claims more than he has invented, his patent is not void ; but so far as his invention goes, he is protected :" Peterson *v.* Wooden, 3 *McLean* 248.

A patent for an entire machine is valid, although the invention consists only of an improvement on such machine, but the patentee is entitled to the exclusive use only of his improvement : Goodyear *v.* Matthews, *Paine* 300.

Where plaintiff, in the specification of his patent, described the invention to be "a new and useful improvement," whereas in fact it consisted of a combination of several improvements, distinctly set forth in the specification, it was held that the patent was good, not only for the combination, but for each distinct improvement, so far as it was his invention, and that the descriptive words were to be construed in connection with the specification : Pitts *v.* Whitman, 2 *Story* 609 ; 2d vol. *Sup. U. S. Dig.* 503, pl. 8.

*Wm. M. Penrose* and *Biddle*, for defendant in error.—In this case there was no evidence that any part of Howd's patent improved water-wheel, set out in his specification as a substantial and material part thereof, was new and original with Howd. One witness testified, " that the application of the water to Howd's wheel is the same as that described in the Journal of Science, (a work printed, as shown by the judge's notes, in the year 1818.) There is a difference in letting off the water from the wheel. I can see no difference in the principle. In looking at the wheel described in the Century of Inventions, (published in 1822, see record,) I think the principles are the same by which the water is conducted to the buckets."

Another witness testified, " the wheel described in Journal of Science, is the same as Howd's. In this case the schutes give direction to the water corresponding with the motion of the wheel. The Howd wheel interferes with the Parker patent. I have seen the Parker wheel. The Howd wheel interferes with it in this, that

the direction of the water corresponds with the wheel's motion. The cylindrical gate in the Howd wheel does infringe the Parker patent."

*Curtis on Patents*, (published in 1849,) section 131: "The statute requires the patentee to give a written description of his invention or discovery. This involves the necessity, in all cases where the patentee *makes use of what is old, of distinguishing between what is old and what is new. He is required to point out in what his invention or discovery consists; and if he includes in his description* what has been invented before, without showing that he does not claim to have invented that, his patent will be broader than his invention, and therefore void. Whatever appears to be covered by the claim of the patentee as his own invention must be taken as part of the claim; and therefore, if it turns out that any thing claimed is not new, the patent is void, however small or unimportant such asserted invention may be." These positions are fully sustained by the cases cited in the notes, and to which we refer.

Reference was made to Carpenter v. Smith, *Webster's Patent Cases* 530, 552; Lowell v. Louis, 1 *Mason* 188; 2 *Brockenbrough's Rep.* 298; 2 *Mason* 112, 118; *Davies's Patent Cases* 295; *id.* 329; 1 *Mason* 449; 2 *Kent*, 5th edit. 370–1; 2 *Hindmarsh on Patent Privileges* 115–16.

In the 15th section of the act of Congress of 4th July 1836, on the subject of actions for infringing patent-rights, it is provided that the defendant may give in evidence any special matter tending to prove that the patentee was not the original or first inventor or discoverer of the thing patented, or of a substantial or material part thereof claimed as new, or that it had been described in some public work anterior to the supposed discovery thereof by the patentee, &c.

The cases and authorities cited by the plaintiff in error are to the effect that combination is patentable if it effect a new result or an old result by a new mode of action; that a combination of old machines to produce a new and useful result is a discovery for which a patent may be granted; that if old materials and old principles be used in a state of combination to produce a new result, the inventor may obtain a *valid patent for such result.* Now none of these cases meet the real question in this case, the inquiry here not being what is the proper subject for a patent, but whether Howd could claim, as new and original with him, certain substantial and material parts or elements of an invention, which were not new and original, without invalidating his patent. And that he could not, the authorities to which we have referred clearly show.

The opinion of the court was delivered June 19, by

COULTER, J.—In part answer to the defendant's fifth point, the court were perfectly right in stating that it is the duty of the ap-

plicant for a patent so to specify and describe the machine, instrument, or improvement, as to avoid the appearance of claiming what he did not invent. But an improvement often consists in the introduction of a new element into an old machine; and in order to make this new element of power or convenience intelligible and apparent, it is absolutely necessary to specify and describe the whole machine, as well the old part as the new. The court were, therefore, in error in saying, in part answer to the same point, that if it appears that one or more of these parts is not original it avoids the patent.

Because in such improvement or invention the discovery consists of the new application of old principles, or the new distribution of old elements so as to produce new power or greater facility in the application of power. The specification of Samuel B. Howd did undoubtedly include what was not new, as the description of every improvement in machinery of necessity must do; but the patent was not therefore void. In this case, Howd described and specified the whole, and its mode of operation. But he distinctly and clearly stated in it what was new, and what he claimed as his invention, and the reason why it was an improvement. Thus, after very fully describing the whole wheel and all its parts, he says—"I claim as my invention the application of the water on the outside of the wheel, and operating upon the principle of reaction, by discharging inwardly on a wheel constructed and combined so as to operate as above described, with the spouts or schutes giving the water a direction with the motion of the wheel, applied to a reacting wheel as aforesaid." Now, the reaction-wheel, as used in Parker's patent, in many parts is the same as this of Howd's. But in Howd's, the direction of the water corresponds with the wheel's motion, and is thrown on the wheel at the periphery, and not at the centre. It is new and different from Parker's and other reaction-wheels in that particular. Whether it is a valuable improvement or not is not the question, but whether it is new; and this was for the jury to decide upon the evidence. But Mr. Holliday's letter, in which he so much extols Howd's wheel, is certainly of value to show that this change of Howd's was a substantial improvement.

But the point to which this case converges is, that Howd did particularly specify and describe what he claimed as new, and as his invention. The patent was not void, therefore, because, in the description or specification of the whole wheel including the element that he said was his invention, he included in that general specification or description elements which were old, but which he claimed to be newly combined with new elements.

Judgment reversed and <em>venire de novo</em> awarded.