# TITUSVILLE IRON WORKS v. KEYSTONE OIL CO.

## APPEAL BY PLAINTIFFS FROM THE COURT OF COMMON PLEAS OF VENANGO COUNTY.

Argued October 9, 1889—Decided November 11, 1889.

[To be reported.]

(*a*) The Supreme Court reversed a decision refusing judgment upon a scire facias sur mechanics' lien, for want of a sufficient affidavit of defence, with instructions to enter judgment for the plaintiff, unless other legal or equitable cause for refusing judgment be shown.

1. Upon the return of the record to the court below, the plaintiff was entitled to have his rule for judgment made absolute, unless by supplemental affidavit some legal or equitable reason for denying the motion then pending was brought to the attention of the court.

2. By such an order of the Supreme Court the status of the case is fixed, and the court below has no power to go back to an earlier stage of the case and determine, on motion of defendant, that the claim filed was insufficient and strike it from the record, a question not raised by the affidavit of defence.

3. A mechanics' lien enumerating several structures, consisting of stills, tanks, boilers, agitators, drums, etc., stating their dimensions, material, and uses, and averring that together they constitute an oil refinery, upon a parcel of ground particularly described, is sufficient in form: Short v. Ames, 121 Pa. 530.

4. Such a lien filed against an oil refinery and in sufficient form, is good under the act of June 16, 1836, P. L. 695, although the several structures constituting the refinery consist of appliances put up in the open air, and not inclosed or covered by any roof or shed.

5. Whether the act of June 5, 1874, P. L. 300, repealing certain local

lien laws so far as relating to certain counties, except as to claims for actual labor by mechanics and laboring men, contravenes the provisions of §§ 3, 6, 7 or 8, article III. of the constitution, not decided.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 86 October Term 1889, Sup. Ct.; court below, No. 132 November Term 1889, C. P.

On October 30, 1887, a scire facias sur mechanics' lien was issued at the suit of R. H. Boughton and E. H. Ames, doing business as the Titusville Iron Works, against the Keystone Oil Company, owner or reputed owner and contractor. .

The claim upon which the writ was issued was filed by the plaintiffs on September 30, 1887, "for labor and materials furnished by them for and about the erection and construction of the several buildings and structures constituting a certain oil refinery" upon premises particularly described by courses and distances and adjoiners, and as containing 55.15 acres, "and the ground covered thereby, and so much other ground immediately adjacent thereto and belonging to the said Keystone Oil Company, as may be necessary for the ordinary and useful purposes of the same, for the purpose of acquiring a lien," etc. The buildings and structures of the various kinds were particularized in the following form:

"Two steam stills, 700 barrels capacity, 22 feet in diameter by 9 feet high, with condensers, separator and bulls eyes. One thousand five hundred and ten pounds iron grate rests for steam stills. Seven iron tanks, 1,000 barrels capacity each, 30 feet diameter by 8 feet high, with tops. Two iron tanks, bleachers, 30 feet diameter by 8 feet high, 1,000 barrels capacity. . . . ."

On December 16, 1887, the defendant company, without having made any motion to strike off the lien, filed an affidavit of defence. A rule for judgment for want of a sufficient affidavit of defence was thereupon taken by the plaintiffs, which rule the court after argument discharged. The plaintiffs having taken a writ of error to No. 105 October Term 1888, the Supreme Court, on November 5, 1888, entered an order directing "that the record be remitted and that the court below pro-

ceed to enter judgment against the defendant for such sum as to right and justice may belong, unless other legal or equitable cause be shown to the court why such judgment should not be entered: " Titusville Iron Works v. Keystone Oil Co., 122 Pa. 627.

On November 26, 1888, the remittitur from the Supreme Court was filed, with the record, in the court below, and the plaintiffs renewed their motion for judgment. On November 30th, the following objection was filed on behalf of the defendant company:

And now November, 1888, R. G. Lamberton, receiver of the Keystone Oil Company, defendant, objects to the entry of judgment upon the motion now made by the plaintiffs, for the following reasons, apparent of record, to wit: That the statement filed by the plaintiffs herein is insufficient, in that the locality of the buildings and the size and number of the stories of the same, are not set forth; nor whether the buildings are of brick or wood; nor the form, size, height or manner of their construction; nor whether they adjoin each other or are disconnected; nor whether erected as one tenement, or whether they may be separated in their use without injury. Wherefore the defendant prays that judgment herein be refused and that the lien herein be stricken off.

The court after agreement entered a decree, denying the plaintiffs' motion for judgment and granting the defendant's motion to strike off the lien, TAYLOR, P. J., filing the following opinion:

Motion for judgment upon the part of the plaintiffs and motion to strike off the lien upon the part of the defendant.

These motions were argued together, and originated in the issue upon a scire facias sur mechanics' lien. The affidavit of defence averring the want of notice, as expressly directed by the act approved June 17, 1887, P. L. 413, and this court, declining to assume the responsibility of declaring the act cited unconstitutional, for this reason held the affidavit of defence sufficient. The Supreme Court in an opinion filed November 5, 1888, declared the act of June 17, 1887, unconstitutional, "and ordered that the record be remitted and that the court below proceed to enter judgment against the defendant for

such sum as to right and justice may belong, unless other legal or equitable cause be shown to the court why such judgment should not be entered."

The only question raised, or argued, in the court below, or in the Supreme Court, was the constitutionality of the act of 1887 before cited. Upon the filing of the remittitur in this court, the plaintiffs moved for judgment, whereupon the defendant objected for the reason that the statement was insufficient. At the same time the motion to strike off the lien for those reasons, apparent of record was made.

The claim recites that it was filed for the purpose of acquiring a lien against the several buildings and structures constituting an oil refinery, " hereinafter more particularly described," etc. It first gives the names of the parties ; second, the amount claimed to be due " for labor and material furnished in the construction and erection of an oil refinery, and upon the credit of the several structures comprising said oil refinery, hereinafter more fully described ; " third, " the several structures composing said oil refinery are located upon a certain piece or parcel of land situated in Cornplanter township, Venango county, Pa." Then follows a particular description of the land by metes and boundaries " containing 55.15 acres and the structures are more particularly described as follows : "

.—The court here quoted the specifications and descriptions of the several structures enumerated in the claim and proceeded:

I have been thus particular in giving the verbatim description of the different structures, in order that it might be the better determined whether any would or could by any strained construction be termed a building. In this statement these several structures are called by their proper names, to wit, iron tanks, steam stills, etc. They are nowhere called buildings or designated as such.

In support of their theory, counsel refer to McClintock v. Rush, 63 Pa. 203 ; Kennedy v. House, 41 Pa. 39, and Short v. Miller, 120 Pa. 470. Although directly in point, neither of those cases support the plaintiffs' theory. In the first named the description was " against the following described building . . . . . being a two-story frame house on Harrison street, 13th ward, Pittsburgh," etc. In Kennedy v. House, the descrip-

tion was " All that certain two story brick house or building with a furnished basement," etc. In Short v. Miller, Justice PAXSON says, inter alia: " We learn from the fragmentary statements at hand that the lien was filed for lumber furnished for and about the erection and construction of the buildings mentioned and described in the claim. The buildings appear to have been eleven in number and are sufficiently described and the size and character thereof given." They consisted of a boiler house, filter house, barrel house, several tank houses, pump houses, tool house, etc. An engine and boiler for any kind of a manufactory do not absolutely require a building to protect them. Both may stand in ·the open air, yet no one doubts that if an engine and boiler house are erected to protect them from the weather a lien will attach, etc. A careful examination of all authorities bearing upon this question will reveal no conflict. In all a building must be present upon which a lien can attach. This is such an essential characteristic, that if the building be destroyed by fire, or otherwise, the lien is discharged: Presbyterian Church v. Stettler, 26 Pa. 246; Wigton's App., 28 Pa. 161. Applying that principle, what structure described in the present claim, would, by its destruction discharge the lien?

The first section of the act of June 16, 1836, P. L. 695, defines the subject of a mechanics' lien as follows: " Every building erected within the several counties of this commonwealth," etc. The twelfth section of the same act provides, "that the locality of the building and the size and number of the stories of the same, or such other matters of description as shall be sufficient to identify the same." What is a building in the ordinary acceptation of the people? Webster says, " A fabric or edifice constructed for use or convenience, as a house, a church, a shop," etc. In legal phrase the best definition I can find is in Rapalje and Lawrence's Law Dictionary, as follows : " Building. A house or edifice composed of wood, stone, brick, iron or other materials. It may be fastened to the soil by sunken foundations, or set upon piles or blocks, but it must be intended to remain and to be used as a habitation or shelter on the place·where it is erected."

That an oil refinery may be the subject of a lien, provided there is a building or buildings upon which the lien would

attach may be conceded; but that the act of 1836 was not broad enough in its terms to include an oil refinery without buildings, in the opinion of the legislature, is evidenced by the passage of the act of February 27, 1868, P. L. 212. But, were I in doubt, the case of Short v. Ames, 121 Pa. 530, determines the question against the plaintiffs.

\*     \*     \*     \*     \*     \*     \*     \*

It is further claimed by the plaintiffs that if the court should be of the opinion that no lien has attached under the act of 1836, the lien is a valid one under the provisions of the supplement to that act approved February 27, 1868, [P. L. 212.] This act was repealed or intended to be repealed by the act of June 5, 1874, P. L. 300, and I cannot hold this lien valid under the act of 1868 without declaring the act of 1874 unconstitutional. Unless clearly satisfied of the unconstitutionality of an act of the legislature the court below should leave such questions to the Supreme Court. I am not so clearly satisfied.

And now, to wit: March 4, 1889, the motion upon the part of the plaintiffs for judgment is denied, and the motion on the part of the defendant to strike off the lien is granted.

Thereupon the plaintiffs took this appeal, specifying inter alia that the court erred:

1. In not entering judgment for the plaintiffs.

2. In striking the plaintiffs' claim from the record.

*Mr. Roger Sherman* (with him *Mr. Samuel Grumbine*), for the appellants:

1. This case was decided in November, 1888, by this court, in favor of the plaintiffs, unless upon the return of the record to the court below, some new, additional and other defence than then appeared of record should be properly shown to the court below. The sufficiency of the plaintiffs' claim was determined necessarily in the motion for judgment for want of a sufficient affidavit of defence: Thomas v. Shoemaker, 6 W. & S. 179.

2. The plaintiffs are entitled to a lien under the act of February 27, 1868, P. L. 212, which is not repealed by the act of June 5, 1874, P. L. 300, because the latter act is void, being in contravention of article III., § 3; of article III., § 6; of article

III., § 7; and article III., § 8, of the constitution: Dorsey's App., 72 Pa. 192; Titusville Iron Works v. Keystone Oil Co., 122 Pa. 627; Commonwealth v. Patton, 88 Pa. 258; Scowden's App., 96 Pa. 422; Montgomery v. Commonwealth, 91 Pa. 125; Cronise v. Cronise, 54 Pa. 255; Jones v. Jones, 12 Pa. 350.

3. The motion of the plaintiffs was for judgment for want of a sufficient affidavit of defence. The only affidavit of defence made has been adjudged insufficient by this court. The paper filed by the receiver of the defendant corporation is not an affidavit of defence. The reasons set forth in that paper for refusing judgment and striking off the lien are neither true nor sufficient: § 12, act of June 16, 1836, P. L. 698; McClintock v. Rush, 63 Pa. 203; Odd F. Hall v. Masser, 24 Pa. 507; Short v. Miller, 120 Pa. 470.

4. The plaintiff's statement of claim is sufficient under the act of 1836, without reference to the act of February 12, 1868, being filed against buildings and structures composing an oil refinery, accurately described, and of permanent and substantial character. A building, within the meaning of the act of 1836 is an edifice or fabric, erected by art, and fixed upon or over the soil, composed of stone, brick, wood, or other substantial material, designed for use in the position in which it is placed, for some purpose of habitation, shelter, trade, manufacture, ornament or art.

5. The judicial mind has adopted as correct the definitions of the lexicographers and applied them to the affairs of practical life and contemporaneous business. The following cases are illustrative: Livingston v. Ten Broeck, 16 Johns. 14; Wright v. Town Clerk, 5 Man. & G. 33; Morgan v. Arthurs, 3 W. 140; Gray v. Holdship, 17 S. & R. 413; Truesdell v. Gay, 13 Gray 311; Coddington v. Dry Dock Co., 2 Vroom 477; Miles v. Lewis, 115 Pa. 580. An oil refinery has every characteristic of a building, according to every definition except that of Rapalje and Lawrence, which is exceedingly unsatisfactory. The usual method of construction is to erect the structures specified in our claim and nothing more, without inclosing or covering them with sheds. The learned judge misapprehended Short v. Ames, 121 Pa. 530. We ask this court to enter judgment for the amount due with interest.

*Mr. J. H. Osmer* (with him *Mr. E. H. Lamberton*), for the appellee :

1. Without a house or other building there can be no lien. The lien attaches primarily to the building, and only incidentally to the machinery and appliances in a building used as a mill or factory: §§ 1, 12, act of June 16, 1836, P. L. 695 ; Parrish's App., 83 Pa. 122 ; Wigton's App., 28 Pa. 161 ; Presb. Church v. Stettler, 26 Pa. 246. This is the extent of the rulings in Morgan v. Arthurs, 3 W. 140, and kindred cases cited by the plaintiffs.

2. Are the articles described in the plaintiffs' claim buildings within the meaning of the statute ? Such a construction would subject every stone laid one upon another, every boiler and engine, every wind-mill, hitching post, fence, statue, monument and liberty pole, in the state, to a lien. In general, statutes are presumed to use words in their popular sense : Endlich on Statutes, § 76 ; School Directors v. Bank, 8 W. 289 ; Phila. etc. R. Co. v. Railroad Co., 53 Pa. 20 ; Abby v. Dale, 11 C. B. 378 ; Cronise v. Cronise, 54 Pa. 255. The things here specified are simply articles of personal property to which no lien can attach : Short v. Ames, 121 Pa. 530.

3. It is insisted that this lien is valid under § 1, act of February 27, 1868, P. L. 212, passed for Venango and certain other counties. If that act be unrepealed, the question raised by this record remains the same, as that act neither repeals nor amends any provision of the act of 1836 ; it does not dispense with the necessity of a house or other building. The act of 1868 was in fact wholly unnecessary, as it extended to the counties sought to be favored no right not already enjoyed all over the state : Short v. Ames, 121 Pa. 530.

4. At all events, the act of 1868 was repealed by that of June 5, 1874, P. L. 300. With regard to the constitutionality of the latter, the sole question is whether it is valid as to Venango county. Such an act may be constitutional as to one county and not so as to another : Beckert v. Allegheny City, 85 Pa. 191 : Dewhurst v. Allegheny City, 95 Pa. 437 ; McGee's App., 114 Pa. 470. So far as it relates to Venango, it is clearly in conformity with § 3, article III. of the constitution. It does not sin against § 7, article III., as it neither creates, extends, nor impairs liens ; nor does it directly or indirectly enact a local law.

The objection based on § 8, article III., is answered by Kilgore v. Magee, 85 Pa. 401; Jones v. Jones, 12 Pa. 350; Cronise v. Cronise, 54 Pa. 255.

5. The sole question raised, discussed and decided by the court below and this court, on the former presentation of this case, was the constitutionality of the act of June 17, 1887, P. L. 413. The " other legal or equitable cause " referred to in the order of this court, is any cause other than the failure to give notice under the act of 1887. The sufficiency of the plaintiff's claim was in no sense involved in the determination of the sufficiency of the affidavit of defence. The reasons assigned for striking off the lien could not properly be raised by affidavit. The objection may be taken by demurrer or motion to strike off, at any time before plea: Lybrandt v. Eberly, 36 Pa. 347; Lee v. Burke, 66 Pa. 337; Lehman v. Thomas, 5 W. & S. 262; St. Clair Coal Co. v. Martz, 75 Pa. 384.

OPINION, MR. JUSTICE WILLIAMS:

The lien was entered in this case on September 30, 1887. The scire facias was issued on October 29th following, and was served two days later. According to a well-settled and immemorial course of procedure in the courts, the defendant, when served with process requiring him to appear and answer, should consider, in the first place, whether the writ has been properly issued and legally served upon him. If there is ground for a motion to quash the writ or to set aside the service, it should be made the basis of a motion before an appearance has been made, or the irregularity will be waived. If the writ and service be regular, the defendant should next consider whether the court has jurisdiction. This inquiry in mechanics' lien cases extends to the regularity and completeness of the statement and description on which the lien was entered. If there is a want of form or substance in the original paper filed, a motion to strike off should be made. If no objection is made on this ground the defendant must consider whether he has a defence on the merits, and file his affidavit of defence, or suffer judgment, as the case may be.

The defendant in this case appeared to the writ, and, making no dilatory motion or plea, spread its defence on the record in an affidavit of defence. The plaintiffs were then at liberty to

admit pro forma the facts averred and raise an issue of law over their legal effect, or proceed to trial on the questions of fact presented. The plaintiffs took the first of these methods, and moved for judgment non obstante, alleging that the affidavit disclosed no defence. If the court below had made this rule absolute, as they should have done, final judgment would have been at once entered in favor of the plaintiffs for the amount of their claim; but the rule was discharged, and the plaintiffs thereupon brought the record to this court, and assigned the refusal of the court below to enter judgment as error. The question here, as in the Common Pleas, was whether the plaintiffs were entitled to judgment in their favor on the issue made. We held that they were, and, following the words of the act of assembly giving a writ of error in such cases, remitted the record to the court below, with directions to enter the judgment that should have been entered when the rule for judgment was heard, " unless other legal or equitable cause " for refusing the judgment upon the final hearing of the motion should be made to appear. When the record was returned the plaintiffs' counsel renewed his motion, and asked for judgment in accordance with the opinion of this court.

The only question before the Common Pleas was whether the judgment, for want of a sufficient affidavit of defence, should now be entered. The original affidavit was held by this court insufficient to prevent it; and, unless by supplemental affidavit some legal or equitable reason for denying the motion then pending was brought to the attention of the court, the plaintiffs were entitled to have their rule made absolute and their judgment entered. Instead of disposing of the motion, sent back to it from this court, the Common Pleas went back to an earlier stage of the case, and set about the examination of a question which had been passed on the way up to the issue which had been tried, and then, by striking off the lien, leveled its own judgment and the judgment of this court with a single blow. This cannot be done. The record was returned that the court might go forward to judgment or to trial, not backward into the region of dilatory motions and pleas. A venire facias de novo brings about a new trial, with all the possibilities that belong to a trial; but an order to enter judgment on a pending motion, unless further legal or equit-

able reason should be shown against it than is shown by the affidavit under consideration, fixes the status of the case and the duty of the court below. The affidavit on file being adjudged insufficient, the only question is, whether there is any further consideration to be presented as affording at law or in equity a defence against the plaintiff's claim. Beyond this the court has no power to inquire.

We regard this as conclusive of the questions raised upon this writ, and a discussion of the other questions which have been argued is therefore unnecessary. But we have examined the description of the property against which a lien is claimed, and which the court below held to be insufficient. It enumerates the several structures, and describes their uses, gives the dimensions, height, or capacity of each, and the materials of which it is constructed; avers that, taken together, they constitute an oil refinery, and that they are located upon a certain piece of land which is fully described by its lines and adjoiners, and which contains 55.15 acres, situated in Cornplanter township, Venango county, Pa. The description fixes the locality with reasonable certainty, describes the character and peculiarities of the several structures taken separately, and gives the use for which they are intended and the name by which they are known when taken together. This, we think, is sufficient, and meets the requisites of a description as indicated in Short v. Ames, 121 Pa. 530. If so, we see no reason why the lien may not be good under the act of 1836. For the reasons given, a discussion of the constitutional question presented is unnecessary.

> The judgment of the court below is now reversed, and we renew the order heretofore made that the record be remitted; and that the court below proceed to enter judgment against the defendant for want of a sufficient affidavit of defence, unless other legal or equitable reasons be shown why such judgment should not be entered.