### KABBES v. PHILIP CAREY MFG. CO.

#### No. 6248.

Circuit Court of Appeals, Sixth Circuit.

Feb. 14, 1933.

Walter F. Murray, of Cincinnati, Ohio (Frank L. Zugelter, of Cincinnati, Ohio, on the brief), for appellant.

Frederick Bachmann, of New York City (Ernst, Cassatt & Cottle, of Cincinnati, Ohio, Kenyon & Kenyon, of New York City, and Frank W. Cottle, of Cincinnati, Ohio, on the brief), for appellee.

Before MOORMAN, HICKS, and SIMONS, Circuit Judges.

### PER CURIAM.

The bill in this case prayed that the defendant be enjoined from making or selling the patented article, that it be compelled to account for profits and damages resulting from its prior sales, that an exhibit filed therewith and purporting to be an assignment of the patent to the defendant be declared null and void, and that plaintiff be adjudged to be the owner of one-half interest in the patent. This prayer was based on averments that plaintiff and William J. Moeller were the first and joint inventors of the patented article, that at the time the application for the patent was filed both of them were employees of the defendant, that the only papers which the plaintiff signed in making the application were signed at the request of defendant's counsel, that plaintiff did not know "that amongst the papers so laid before him there was an assignment of his interests to the defendant," and that if he "signed said assignment, said fact was concealed from him" until after he had given notice to the defendant of its infringement. It was alleged that plaintiff was a citizen and resident of Ohio, and that the defendant was a corporation organized and existing under the laws of that state. Nowhere was it alleged that plaintiff did not execute the assignment. After answer was filed, the court dismissed the bill upon the ground that it had no jurisdiction of the case under the patent laws.

The bill alleged no ground for an injunction or the recovery of damages unless the assignment be canceled and the plaintiff reinvested with title to the patent. In this particular the case would seem to be governed by the principles announced in Wilson v. Sandford, 10 How. 99, 13 L. Ed. 344, and reaffirmed in Luckett v. Delpark, 270 U. S. 496, 511, 46 S. Ct. 397, 70 L. Ed. 703. Whether so or not, the decree must be affirmed, for it was alleged that the plaintiff and Moeller were joint patentees, and the assignment shows on its face that it was executed by Moeller. There is no allegation showing that Moeller's signature was obtained by fraud, or that his assignment of the patent did not transfer his interest therein to defendant. The averment that the plaintiff's signature was procured by fraud does not affect the

256

validity of the assignment as between the defendant and Moeller. Under the averments of the bill, Moeller owned a half interest in the patent. The assignment which he made, not being attacked, is presumed to be valid. Thereunder his half interest passed to the defendant, and the defendant, being the owner of a half interest in the patent, is entitled to use it without interference from the plaintiff. Walker on Patents (6th Ed.) § 341, p. 419; Blackledge v. Weir, etc. (C. C. A.) 108 F. 71, 76; McDuffee v. Hestonville, etc., Ry. Co. (C. C. A.) 162 F. 36, 39; Drake v. Hall (C. C. A.) 220 F. 905.

The decree is affirmed.