Quaker State Oil Refining Company *v.* Talbot, Appellant.

156

Argued April 7, 1936.  Before Kephart, C. J., Schaffer, Maxey, Drew, Linn, Stern and Barnes, JJ.

*Robert E. Barry,* with him *John L. Nesbit* and *Seymour & Bright,* for appellant.

*J. Villard Frampton,* with him *Charles R. Fenwick,* of *Mason, Fenwick & Lawrence* and *James H. Courtney,* for appellee.

OPINION BY MR. CHIEF JUSTICE KEPHART, May 25, 1936:

This proceeding originated in a bill praying for an injunction to restrain appellant from selling or disposing of, and to compel an assignment by appellant to appellee, of certain patent rights covering inventions to which appellee claimed to be entitled. These devices were incorporated in an oil dispensing drumhead manufactured by appellee. The lower court granted the relief prayed for. On June 30, 1934, in *Quaker State Oil Ref. Co. v. Talbot,* 315 Pa. 517, we modified the decree and remanded the case to await further action to determine what compensation appellant was entitled to receive for the use of such of his devices as were found to be patentable, and which were used in appellee's completed drumhead.

Subsequently, on January 17, 1935, appellant and another filed a bill of complaint in the United States District Court for the Western District of Pennsylvania against the appellee in this suit, alleging infringement of two patents embodying some of the features of the drumhead.

On March 19, 1935, while this action in the federal court was pending, a rehearing of this case was had in the lower court under the remand order. The appellant presented no evidence, but in his answer challenged the right of the lower court to determine the question of patentability. This appeal is from the decree of the lower court finding that none of the devices invented by

the appellant prior to his employment by appellee and incorporated in the completed drumhead is patentable, and denying compensation to appellant.

It is contended that the federal courts are the only proper tribunals for such determinations. This, as was pointed out in this court's first opinion, is undoubtedly true where either the validity of a patent or patentability is the direct and principal issue. In such cases the question is one arising under the patent law of the United States, and the jurisdiction of the federal courts is exclusive: *Healy v. Sea Gull Specialty Co.*, 237 U. S. 479; *Victor Talking Machine Co. v. The Fair*, 123 Fed. 424; *Atherton Mach. Co. v. Atwood-Morrison Co.*, 102 Fed. 949. Where, however, patentability comes before a state court as purely incidental and collateral to another issue, that court may determine it as a necessary step toward the solution of the principal problem, there being jurisdiction over the parties and subject-matter in all other respects: *Pratt et al. v. Paris Gas Light & Coke Co.*, 168 U. S. 255; *Wade v. Lawder*, 165 U. S. 624; *Rheem v. Holliday*, 16 Pa. 347; and see *Slemmer's App.*, 58 Pa. 155.

In the original bill the validity of the patents involved was not challenged, the matter of patentability was not then raised, nor was the purpose of the bill to enjoin a patent infringement. The only issue presented was as to the respective property rights of the parties in the devices. This could have been determined by the lower court without reference to patentability. For this purpose the lower court obviously had jurisdiction.

Upon appeal, however, we pointed out that equity once having properly assumed jurisdiction should retain it to fully determine the whole controversy and do justice to all parties involved. This court therefore modified the decree of the lower court to reserve to appellant the right to compensation for such of the component parts of the completed device as were his property. This

relief was not requested by appellant, but was deemed necessary to effect substantial justice. We held that the right to compensation depended upon a determination of the patentability of these incorporated features since, unless they were patentable, he had no right to their exclusive use or to compensation for their use. The fact that appellant had patented one of these features and that a patent was pending upon another did not conclude the question of patentability. The issue of letters patent is merely *prima facie* evidence of patentability, and the final determination of the question must await the adjudication of a court in which it is properly challenged: see *Dennis v. Great Northern Ry. Co.*, 51 Fed. (2d) 796; *Miller v. Eagle Mfg. Co.*, 151 U. S. 186; *Westinghouse Electric & Mfg. Co. v. Formica Insulation Co.*, 266 U. S. 342. If patentability was incidentally involved in the final disposition of this case in our courts, it could have been passed upon by the lower court under its general equity powers: *Pratt et al. v. Parris Gas Light & Coke Co.*, supra; *Wade v. Lawder*, supra; *Rheems v. Holliday*, supra.

We did not intend that patentability should be decided by the lower court, nor may such construction be placed on the remanding order. That portion of our opinion is as follows: "The case must therefore be remanded to the court below to await further action, if necessary, to determine the reasonable sum for appellee to pay appellant as compensation for those portions of the device it is now using which appellant developed before December 29, 1931. If these devices should not be patentable, which cannot be determined in this proceeding, appellee may use the appliances regardless of appellant's claim and until that question is determined appellee may continue to use such appliances under its contract."

It appears clearly from this language that no authority was conferred to determine this matter. This court

in remanding a case for rehearing may limit the scope thereof to certain defined issues. This limitation restricts the power of the court below to a determination of those issues: *Titusville Iron Works v. Keystone Oil Co.*, 130 Pa. 211; *Brown's Est.*, 213 Pa. 604.

It further appears that at the time the lower court undertook to pass upon this question of patentability as collateral to the original issue, the same question, involving essentially the same parties and subject-matter was properly before the federal court for direct determination upon the appellant's bill of complaint for patent infringement. Regardless of whether or not the lower court had jurisdiction in the matter, under these circumstances, its action in determining patentability independently of the federal court was unwise.

If the decree of the lower court is to stand, it may well be that the federal court will reach a contrary result on the patentability of appellant's devices. The state courts would therefore be placed in the position of declaring patents invalid or certain devices unpatentable which are held by the federal court to be validly patented or patentable. The dilemma in which the appellant would be placed by such a result should be avoided.

Such portion of the decree of the court below as relates to the patentability of the devices invented by appellant prior to his employment by appellee or to the validity of patents issued thereon to appellant is vacated. The case is remanded for further hearing as to the measure of compensation to be awarded to appellant if the question of patentability is resolved in his favor at the termination of the proceedings in the federal courts. If, for any reason, there is a dismissal of the proceedings in the federal courts without an adjudication of this question, the court below may then consider the patentability of appellant's devices.