## TALBOT et al. v. QUAKER STATE OIL REFINING CO.
### No. 3023.

District Court, W. D. Pennsylvania.
April 25, 1938.

Brown, Critchlow & Flick, of Pittsburgh, Pa., Barry & Cyr, of Washington, D. C., and Nesbit & Wasson, of Franklin, Pa., for plaintiffs.

Frampton & Courtney, of Oil City, Pa., and Mason, Fenwick & Lawrence, of Washington, D. C., for defendant.

McVICAR, District Judge.

Plaintiffs aver in their bill, that they are the owners of patent 1,890,421 for new and useful improvements in "Non Refillable Receptacles"; that defendant has infringed the same. They seek an injunction and an accounting. Defendant, in its answer, denies validity and infringement. It also sets up as a special defense therein, paragraphs A, B and C, wherein it avers that plaintiffs are estopped and barred by the decree of the Supreme Court of Pennsylvania, 322 Pa. 155, 185 A. 586; that the infringements complained of are within defendant's contractual rights, as previ-

ously adjudicated; that defendant is the assignee of all the right, title and interest of Talbot in any of the structures of which infringement is alleged and that the two plaintiffs are tenants in common of the aforesaid patent. The case was set down for hearing only on the special defenses set forth in said paragraphs A, B and C. The Court, after hearing, makes the following findings of fact and conclusions of law:

### Findings of Fact.

1. The plaintiff, Frank A. Talbot, is an alien and is a subject of the United Kingdom of Great Britain and Ireland, residing in the City of Baltimore in the State of Maryland. The plaintiff, William B. W. Mann, is a citizen and resident of the City of Baltimore and State of Maryland.

2. The Quaker State Oil Refining Company, defendant, at the time of the bringing of this suit, was a corporation of the Commonwealth of Pennsylvania, having its principal office in the city of Oil City in said state. Since the bringing of this suit, all the capital stock, assets and liabilities of the Quaker State Oil Refining Company have been transferred to the Quaker State Oil Refining Corporation, a corporation of the State of Delaware, with an office and place of business in the city of Oil City, State of Pennsylvania. This corporation is the successor of all rights and liabilities of the Quaker State Oil Refining Company and has been substituted, by agreement of the parties, as the defendant herein.

3. Jurisdiction was invoked under Section 48 of the Judicial Code because of the necessity of equitable relief for infringement by way of injunction.

4. September 25, 1931, Frank A. Talbot, plaintiff, made an application (No. 565,155) for a patent for certain new and useful improvements in "Non Refillable Receptacles." On the same date, Talbot assigned a one-half interest in said invention and the patent to be issued, to the defendant, William B. W. Mann, which assignment was recorded September 25, 1931.

5. September 24, 1931, Talbot and Mann, plaintiffs, entered into an agreement for the development, promotion and sale of certain inventions, which agreement was recorded in the United States Patent Office September 25, 1931. This agreement covered the aforesaid application of Talbot, No. 565,155. The agreement provided that neither of said parties could sell his interest in any inventions or patents specified therein, which included the Talbot application aforesaid, without the consent of the other party.

6. The defendant and its predecessors, for many years have manufactured, sold and distributed lubricating oils, grease and similar products. The oils which it sells are delivered in drums to which pumps may be attached to withdraw the oil. It had been injured by the substituting of cheaper and inferior oils for its genuine oils in its trademark drums. In the course of defendant's investigation, it came in contact with William B. W. Mann, one of the plaintiffs, an associate of Frank A. Talbot, the other plaintiff. Mann came to Oil City in August 1931, to interest defendant in a certain drum which he presented. He again visited defendant in September 1931. The type of drums presented by Mann were not acceptable to defendant. About December 16, 1931, Mann stated to defendant, that he and Talbot had exhausted their funds and could not afford to put any more money into the project. Defendant instructed Mann that it would take Talbot into its employ and let him adapt one of his devices to defendant's requirements. As a result of this instruction, an oral contract was made, whereby Talbot entered into the employ of defendant, December 29, 1931. Talbot was instructed by defendant what the requirements would be for drums which would be acceptable to defendant. With this understanding, Talbot proceeded to adapt the necessary appliances to defendant's needs the valve which Talbot and Mann had already developed. Defendant had no other purpose for employing Talbot than the special work outlined to him. Talbot remained in the employ of defendant from December 29, 1931 to June 7, 1932, when he was dismissed; his salary and expenses were paid by defendant. During the time that Talbot was in defendant's employ, he was in continuous touch with the company's officers and consulted with them. He made a device or drum which was acceptable to defendant on or about March 25, 1932.

7. Defendant prepared applications for patents covering the structures made by Talbot during the course of his employment and requested Talbot to assign the legal title to it. This he refused to do, claiming them as his own.

8. In April, 1932, defendant brought a suit in equity against Talbot in the Court of Common Pleas of Venango County, Pennsylvania. The purpose of the bill was to prevent Talbot from selling, or attempting to sell, his title or interest in the appliances, or in any applications covering the improvements made by him; and to compel him to assign the legal title to the improvements or the patent applications therefor, or any patents granted thereon, to defendant.

9. August 17, 1933, the Court of Common Pleas of Venango County entered a final decree on the bill aforesaid, which decree reads: "And now, August 17th, 1933, upon consideration of the foregoing case it is ordered, adjudged and decreed that the plaintiff has a shop right or a non-exclusive license as against the defendant to use any and all devices which the defendant might have had prior to entering into plaintiff's employ and which were incorporated into plaintiff's Exhibit No. 19. It is further adjudged and decreed that the plaintiff is the sole owner of and has exclusive right to all the patentable features and structures contained in or a part of the Claims shown in plaintiff's Exhibits 'A', 'B' and 'C' attached to the Bill of Complaint. It is further ordered and decreed that the above named defendant, his heirs and assigns, are hereby perpetually enjoined from interfering with or refusing to permit the plaintiff, its successors and assigns, from using in a proper manner any of the devices to which under this decree it has a shop right or non-exclusive license, and the defendant is hereby enjoined, commanded and directed to duly execute and deliver to plaintiff proper assignments or other methods of conveyance transferring and assigning to plaintiff the applications for letters patent of the United States and all letters patent which may hereafter issue upon Exhibits 'A', 'B' and 'C' attached to the plaintiff's Bill of Complaint."

10. An appeal was taken by Talbot from the decree aforesaid, to the Supreme Court of Pennsylvania (reported in 315 Pa. 517, 174 A. 99, 104), which, on June 30, 1934, made the following order: "We will affirm the decree of the court below, except that part relating to a 'shop right.' The cause to be remanded and retained for further proceeding, if necessary." The Supreme Court held that the court below did not commit error when it held that all improvements or devices discovered by Talbot after December 29, 1931, are the property of the defendant. It further held, as to the ideas of Talbot which had been developed prior to December 29, 1931, that Talbot cannot now refuse their use in defendant's applications for patents, or refuse to make the necessary assignment to defendant of his right therein, for the purpose of securing the patents defendant had applied for. That defendant, by the terms of Talbot's employment, is entitled to this. It further held, that defendant was not entitled to so much of the appliances which Talbot had developed before he came to Oil City and which were used in the finished product of defendant as a shop right; that the true construction of the arrangement between Talbot and defendant is, that Talbot was to permit the use of these appliances by defendant in the finished product with such further improvements as might be necessary to complete defendant's requirement; that Talbot cannot now escape from the contract which he made and refuse to sell and assign to defendant, the exclusive use of those parts in the completed device which he had formerly developed. That if the appliances of Talbot made before December 29, 1931 are patentable, that Talbot was entitled to compensation therefor, but it would have to be first determined whether said appliances were patentable or not. That if these devices should not be patentable, which cannot be determined in this proceeding, defendant may use the appliances regardless of Talbot's claim, and until that question is determined, defendant may continue to use such appliances under its contract.

11. Plaintiffs rely for infringement in this suit on the structure or device referred to as Exhibit No. 19 in the decree made by the Court of Common Pleas of Venango County. The right to the use of said structure or device is vested in the defendant by the decision of the Supreme Court of Pennsylvania, aforesaid.

12. The bill in this case was filed January 17, 1935. After the filing thereof, a hearing was held by the Court of Common Pleas of Venango County on the question of the patentability of that part of the structure which had been developed by Talbot prior to December 29, 1931. Said Court held that the device or structure was not patentable. An appeal was taken to the Supreme Court of Pennsylvania by Talbot, which is reported in 322 Pa. 155, 185 A. 586,

588. The Supreme Court of Pennsylvania, May 25, 1936, ordered that: "Such portion of the decree of the court below as relates to the patentability of the devices invented by appellant prior to his employment by appellee or to the validity of patents issued thereon to appellant is vacated. The case is remanded for further hearing as to the measure of compensation to be awarded to appellant if the question of patentability is resolved in his favor at the termination of the proceedings in the federal courts. If, for any reason, there is a dismissal of the proceedings in the federal courts without an adjudication of this question, the court below may then consider the patentability of appellant's devices." The Court, in its opinion, stated that in the original bill, the validity of the patents involved was not challenged and that "The only issue presented was as to the respective property rights of the parties in the devices." The Court further stated: "Upon appeal, however, we pointed out that equity once having properly assumed jurisdiction should retain it to fully determine the whole controversy and do justice to all parties involved. This court therefore modified the decree of the lower court to reserve to appellant the right to compensation for such of the component parts of the completed device as were his property. This relief was not requested by appellant, but was deemed necessary to effect substantial justice."

13. Whatever title is held by the plaintiffs in the patent in suit, 1,890,421, is held by the plaintiffs as tenants in common.

14. Defendant did not have notice prior to the hearing in the Court of Common Pleas of Venango County, actual or constructive, of any limitation upon the power of Talbot to convey to defendant the right to use the structure or device relied upon by plaintiffs for infringement in this case.

### Conclusions of Law.

I. The Supreme Court of Pennsylvania adjudicated as to Talbot; that defendant had the right to use the structure or device relied upon by plaintiffs for infringement in this case by virtue of the contract between Talbot and defendant.

II. Mann and Talbot are tenants in common of the patent in suit and the invention contained therein, if any.

III. The right conveyed to defendant by Talbot to use the structure or device relied upon for infringement, is binding upon Mann, a co-tenant of the patent in suit.

IV. Defendant has the right to use the structure or device relied upon for infringement as against both plaintiffs.

V. Defendant did not have notice, actual or constructive, or any limitation upon the power of Talbot, to convey to defendant the right to use the structure or device relied upon for infringement.

VI. Defendant is entitled to a decree that the bill be dismissed at plaintiffs' costs by virtue of the defenses averred in paragraphs A, B and C of the answer.

### Opinion.

The material facts are stated in the foregoing findings of fact. This case is now before us on the special defenses made by defendant in paragraphs A, B and C of its answer. In these paragraphs, defendant avers that plaintiffs are estopped and barred from holding defendant as an infringer by virtue of the decree of the Supreme Court of Pennsylvania; that the infringements complained of are within defendant's contractual rights, as previously adjudicated; that defendant is assignee of all the right, title and interest of Talbot in any of the structures of which infringement is alleged and that the two plaintiffs are tenants in common of the patent in suit.

The structure or device relied upon by the plaintiffs for infringement is that which is set forth in Exhibit 19 in the suit in the Court of Common Pleas of Venango County, Pennsylvania. The Supreme Court of Pennsylvania decided that defendant, under its contract with Talbot, has the right to the use of said structure or device. Quaker State Oil Refining Company v. Talbot, Appellee, 315 Pa. 517, 174 A. 99; Quaker State Oil Refining Company v. Talbot, Appellee, 322 Pa. 155, 185 A. 586. Full faith and credit must be given to the judicial proceedings of a State Court when drawn in question in an independent proceeding in the Federal Courts. The principle of res adjudicata applies to questions of jurisdiction as well as to other issues. American Surety Co. v. Baldwin et al., 287 U.S. 156, 166, 53 S.Ct. 98, 77 L. Ed. 231, 86 A.L.R. 298; Grubb v. Public Utilities Commission, 281 U.S. 470, 50 S. Ct. 374, 74 L.Ed. 972; Fryberger v. Parker et al., 8 Cir., 28 F.2d 493; Commonwealth of Pennsylvania for use of William J. Kyle, Administrator, etc., v. United

548

States Fidelity & Guaranty Company,[1] 7315 Law, D.C., W.D.Pa. A district court of the United States cannot open or set aside its own judgment after the term in which it is entered, although the writ of scire facias or declaration shows that the entry of judgment was erroneous. Sun Indemnity Company et al. v. United States, 3 Cir., 91 F.2d 120. In the United States v. State of Texas, 162 U.S. 1, 16 S. Ct. 725, 40 L.Ed. 867, it is stated that, what was involved and determined in the former suit is to be tested by an examination of the record and proceedings therein, including the pleadings, the evidence submitted, the respective contentions of the parties and the findings and opinion of the court; there being no suggestion that this is a proper case for resorting to extrinsic evidence. The decree of the Supreme Court of Pennsylvania is binding on Talbot, one of the plaintiffs, who was a party therein.

■ Mann, plaintiff, became an owner of an undivided one-half interest in the patent in suit by virtue of the assignment made to him by Talbot September 24th, 1931. A tenant in common of a patent right may exercise his right thereunder to any extent he pleases without the consent of his co-tenant. He may make use of and sell specimens of the patented invention and may license others to do so; and neither he nor his licensees can be enjoined from a continuance in so doing. Walker on Patents, Deller's Ed. Vol. 2 p. 1450 Sec. 364; Central Brass & Stamping Co. v. Stuber, 7 Cir., 1915, 220 F. 909; Drake v. Hall, 7 Cir., 1914, 220 F. 905; McDuffee v. Hestonville, etc., Pass. R. Co., 3 Cir., 1908, 162 F. 36; Blackledge v. Weir, etc. Mfg. Co., 7 Cir., 1901, 108 F. 71; Pusey & Jones Co. v. Miller, C.C., 1894, 61 F. 401; Dunham v. Indianapolis, etc., R. Co., 2 Ban. & A. 327, Fed.Cas. No. 4,151; Whiting v. Graves, 3 Ban. & A. 222, Fed. Cas.No. 17,577; Kabbes v. Philip Carey Mfg. Co., 6 Cir., 63 F.2d 255; Clum v. Brewer, 1855, 2 Curt. 506, Fed.Cas. No. 2909; Aspinwall Mfg. Co. v. Gill, C.C., 1887, 32 F. 697; Grier v. Baynes, C.C., 1892, 49 F. 363; Lalance & Grosjean Mfg. Co. v. National Enameling Co., C.C., S.D. N.Y., 1901, 108 F. 77, 78; and Huhn v. Strong Scott Mfg. Co. et al., 8 Cir., 265 F. 638; 48 C.J. 238, Sec. 365. There cannot be any recovery of profits or damages against any such licensee at the suit of any co-tenant of any such licensor. Dunham v. Railroad Co., 1876, 7 Biss. 223, Fed. Cas. No. 4,151.

■ The development and sale contract between the plaintiffs dated September 24, 1931, recognized the ownership of the plaintiffs as tenants in common of the patent in suit. This contract contained a provision that neither party could make a sale of his interest in the patent or patent application without the consent of the other party. This contract was recorded September 25, 1931. The defendant had no notice, either actual or constructive, that Talbot did not have a right to grant to defendant, the right to use the invention contained in said patent, if any. R.S. Section 4898, 35 U.S.C. § 47, 35 U.S.C.A. § 47, provides that: "Every patent or any interest therein shall be assignable in law by an instrument in writing, and the patentee or his assigns or legal representatives may in like manner grant and convey an exclusive right under his patent to the whole or any specified part of the United States. An assignment, grant, or conveyance shall be void as against any subsequent purchaser or mortgagee for a valuable consideration, without notice, unless it is recorded in the Patent Office within three months from the date thereof or prior to such subsequent purchase or mortgage. * * *". The contract, aforesaid, was not a recordable instrument within the provisions of the applicable statute. The recording of such an instrument conveys no notice. Eastern Dynamite Co. v. Keystone Powder Mfg. Co., C.C., M.D.Pa., 164 F. 47, and cases therein cited. See also National Cash Register Co. v. New Columbus Watch Company et al. (National Cash Register Co. v. Hallwood Cash Register Company et al.) 6 Cir., 129 F. 114, 116. Defendant is entitled to the use of the structure or device shown on Exhibit 19 as against both plaintiffs, and therefore, cannot be held as an infringer in this case.

Let a decree be prepared in accordance with the foregoing findings of fact, conclusions of law and this opinion.

---

[1] No opinion for publication.