## MacGREGOR v. WESTINGHOUSE ELECTRIC & MFG. CO.

### No. 1876 Civil Action.

District Court, W. D. Pennsylvania.
May 1, 1942.

William B. Jaspert, of Pittsburgh, Pa., for plaintiff.

Brown Critchlow & Flick and Jo. Baily Brown, all of Pittsburgh, Pa., for defendant.

GIBSON, District Judge.

The facts involved in the instant matter, recited substantially and in sequence as they appear in the Complaint, are as follows:

The defendant (hereinafter called Westinghouse) was the owner of Patent No. 1,651,709, for a brazing solder containing phosphorus and copper as its main and essential ingredients. In 1937 it brought suit in this court against the plaintiff for alleged infringement. This action was settled by plaintiff entering into an agreement with defendant by which the former was given a non-exclusive right to the use and sale of the patented solder, and pursuant to his said license plaintiff has continuously paid royalty upon a solder composed only of copper and phosphorus. Since taking the license he has been making and selling two solders, one containing phosphorus, copper and a small amount of tin, and the other phosphorus, copper and a small amount of silver. Patents upon these two solders have been issued to him. These solders, he alleges, do not come within the Westinghouse patent, and he has refused to pay royalties thereon. On February 17, 1942, Westinghouse brought an action of assumpsit in the Court of Common Pleas of Allegheny County

against plaintiff wherein it claimed royalties upon the last solders mentioned.

Thereupon, on March 11, 1942, the complainant instituted the instant action wherein he seeks a judgment "declaring that it is the right of the plaintiff to continue to make, manufacture, use and sell brazing solders or alloys comprising copper, phosphorus and silver and a brazing solder or alloy comprising copper, phosphorus and tin * * * without any threats, let, hindrance or other interference whatsoever by or from the defendant." He also prays for a decree that the license agreement (upon which royalty has been paid) be declared illegal and void, and that Westinghouse be enjoined from instituting any suit predicated upon it, etc. This prayer is based upon the allegation that the license agreement violates the anti-trust laws.

The defendant has moved the court to dismiss the Complaint, first, that the court lacks jurisdiction; second, the declaratory judgment prayed is not proper under the existing circumstances; third, aside from a prayer for a declaratory judgment, the Complaint does not state any cause of action arising under a Federal statute, and, fourth, the Complaint does not state any claim against defendant upon which relief can be granted.

Both complainant and defendant are residents of the State of Pennsylvania, and this being so our first inquiry is whether the subject matter of the Complaint is within the scope of a Federal statute granting exclusive jurisdiction to this court over such matter. That jurisdiction, it is claimed, is under the patent statutes of the United States.

It will be noted that no charge of infringement of its patent can be asserted by Westinghouse against the complainant. It has licensed the complainant to use its patent, and the license has never been cancelled. It must depend entirely upon the claim for royalty because an infringement charge would be met by a plea of license. On the other hand, the complainant cannot properly attack the validity of the Westinghouse patent. In the face of a pending charge of infringement, he accepted a license under the patent and has paid royalties to date. In his main prayer he alleges no invalidity of the Westinghouse patent, but asks the court, in substance, to determine the scope of the license contract and decree that complainant's tin and silver solders are not within its provisions.

It seems plain from the Complaint that the patent laws of the United States do not give this court jurisdiction where plaintiff and defendant are residents of the same state. Actions brought to enforce contracts involving patent rights are not actions arising under the patent laws of the United States of which the Federal Courts have exclusive jurisdiction irrespective of citizenship. Such "suits not only may, but must, be brought in the state courts." Pratt v. Paris Gas Light & Coke Co., 168 U.S. 255, 18 S.Ct. 62, 64, 42 L.Ed. 458.

In Luckett v. Delpark, Inc., 270 U.S. 496, 46 S.Ct. 397, 399, 70 L.Ed. 703, it was said: "It is a general rule that a suit by a patentee for royalties under a license or assignment granted by him, or for any remedy in respect of a contract permitting use of the patent, is not a suit under the patent laws of the United States, and cannot be maintained in a federal court as such."

"It is contended that the federal courts are the only proper tribunals for such determinations. This, as was pointed out in this court's first opinion, is undoubtedly true where either the validity of a patent or patentability is the direct and principal issue. In such cases the question is one arising under the patent law of the United States (35 U.S.C.A. § 31 et seq.), and the jurisdiction of the federal courts is exclusive. * * * Where, however, patentability comes before a state court as purely incidental and collateral to another issue, that court may determine it as a necessary step toward the solution of the principal problem; there being jurisdiction over the parties and subject-matter in all other respects." Quaker State Oil Ref. Co. v. Talbot, 322 Pa. 155, 158, 185 A. 586, 587.

In the instant action patentability is not the direct and principal issue, and the Court of Common Pleas of Allegheny County, not this court, has jurisdiction; and that court, as already appears, has assumed jurisdiction. It may determine directly all matters concerning which the complainant has prayed a declaratory judgment from this court. Its jurisdiction attached approximately a month before the present Complaint was filed, and that fact, considering the scope of its powers as to judgment, would in itself prevent this court from assuming jurisdiction over the same subject matter. See Crosley Corporation v. Hazeltine Corporation, 3 Cir., 122 F.2d 925.

The complainant has included a general charge that the license agreement violates named anti-trust laws of the United States. The violation does not appear other than as a conclusion of the pleader. The facts alleged show that the owner of a patent—granted a monopoly by it—entered into a license agreement with complainant wherein one of the conditions was that the latter would observe the same sale prices as the owner of the patent. In other words, the patentee qualified the release of his lawful monopoly. This does not constitute a violation of the anti-trust laws, but even if otherwise the matter is one which may be heard by the Court of Common Pleas in its disposition of the case based upon the license agreement, it being collateral to the main issue.

The Complaint will be dismissed.