## Carbonic Dispenser, Inc., et al. v. Weiss et al.

*Nathan Berlant*, for petitioners.
*David S. Malis*, for respondents.

GRIFFITHS, J., July 29, 1955.—This matter comes before us on defendant, Milton Weiss', petition and rule to dissolve a preliminary injunction heretofore entered wherein both defendants have been restrained from purchasing, selling, or contracting to purchase, sell or install certain Mix-Monitor dispensing units.

The basis for the petition to dissolve is that the State court has no jurisdiction over an alleged patent infringement issue or over an alleged unfair business practice arising therefrom.

Defendant, in his supplemental brief (page 7), states:

"If the action is based on a common law action of unfair business competition, the State court assuredly has jurisdiction, but if the plaintiff wants to use the patent act as an excuse for discovery of irrelevant matters . . . the court has no jurisdiction to hear this matter."

Without reviewing the testimony at this time, the court is satisfied that an unfair trade competition is here involved as a substantial issue in the litigation.

What is the nature of the patent question raised?

The validity of the patent itself is not in issue. If it were we would have no jurisdiction, as such is conferred solely upon the Federal courts. We can find no dispute which would require us to construe any act of Congress in relation to patents, thus militating against uniformity in patent law.

We have before us the determination of the respective property rights of the parties in the devices. This can be decided without any reference to patentability: Quaker State Oil Refining Company v. Talbot, 322 Pa. 155 (1936).

Any questions concerning the patent held by plaintiffs therefore becomes only an incidental question which we can pass upon under our general equity powers. See the leading case of Pratt v. Paris Gas Light and Coke Co., 168 U. S. 255 (1897).

In fact we query whether, had plaintiffs started their action in the Federal court as defendant contends they should have, the district court would have permitted their jurisdiction to attach. As was said by Judge Gibson in MacGregor v. Westinghouse Electric and Manufacturing Co., 45 F. Supp. 236 (W. D. Pa., 1942):

"It seems plain from the Complaint that the patent laws of the United States do not give this court juris-

diction where plaintiff and defendant are residents of the same state.* Actions brought to enforce contracts involving patent rights are not actions arising under the patent laws of the United States of which Federal Courts have exclusive jurisdiction irrespective of citizenship. Such 'suits not only may, but must, be brought in state courts.' "

We can see no appreciable difference in this type of case between an action to enforce a contract involving patent rights and one of unfair trade competition insolving patent rights.

Accordingly, July 29, 1955, defendant's rule to show cause why the preliminary injunction entered on June 16, 1955, should not be dissolved is hereby discharged.

---

* In the present action one plaintiff and both defendants are residents of Pennsylvania which, we believe, would not give Federal jurisdiction under the diversity of citizenship clause: 28 U. S. C. §1332.